IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AARON SNYDER, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-cv-2758 |
| | § | |
| TSI FLOW PRODUCTS, INC. d/b/a | § | JURY DEMANDED |
| TECH SEAL INTERNATIONAL | § | |
|     Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Aaron Snyder ("Plaintiff" or "Mr. Snyder") complaining of TSI Flow Products, Inc. d/b/a Tech Seal International ("Tech Seal" or "Defendant") and for cause of action would respectfully show unto this Honorable Court as follows:

1. This is an action brought pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and particularly as amended by the Civil Rights Act of 1991 (hereinafter "Title VII"), to correct unlawful discrimination practices in the workplace on the basis of race which have been engaged in by Defendant to the detriment of Plaintiff.

2. This action is also brought pursuant to The Age Discrimination in Employment Act of 1967 (hereinafter "the ADEA"), 29 U.S.C. § 621 *et seq.*, to correct unlawful discrimination practices in the workplace on the basis of age which have been engaged in by Defendant to the detriment of Plaintiff.

3. This action is also brought pursuant to the Family Medical Leave Act ("the FMLA"), 29 U.S.C. § 2601 *et seq.*, to correct unlawful practices in the workplace, namely unlawful interference, and unlawful discrimination and retaliation in violation of the FMLA.

4. This is an action for lost income and benefits, past, present, and future, as well as other actual and compensatory damages incurred by Plaintiff as a result of the discriminatory and retaliatory treatment he received at the hands of Defendant, together with an action for punitive damages based on the conduct of Defendant.

## I.   PARTIES

5. Plaintiff is Aaron Snyder, who is a citizen of the State of Texas, and a resident of Tomball, Harris County, Texas.

6. Defendant, TSI Flow Products, Inc. d/b/a Tech Seal International, is a corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its Registered Agent: Mark J. Adamson, 3131 West Little York, Houston, Texas 77091.

## II.   JURISDICTION

7. The Court has jurisdiction over this action because it arises under 42 U.S.C. § 2000e *et seq*. *See* 42 U.S.C. § 2000e5-(f)(3) (stating that United States District Courts shall have jurisdiction over actions brought under Title VII).

## III.   VENUE

8. Venue is proper in the Southern District of Texas, Houston Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

9. Venue is also proper in the Southern District of Texas, Houston Division under 42 U.S.C. § 2000e5-(f)(3) because Defendants' unlawful employment practices were committed in this state.

### III.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.     Plaintiff has complied with all pre-requisites for bringing an action under Title VII. Specifically, Plaintiff timely filed charges of discrimination against Tech Seal with the Equal Opportunity Employment Commission ("EEOC").  *See* Exhibit A.  Plaintiff files this complaint within 90 days of receiving notices of the right to sue from the EEOC.  A copy of the notice of the right to sue is attached as Exhibit B.  *See* 42 U.S.C. § 2000e5-(f)(1).  All other conditions precedent have been satisfied.

### IV.     FACTS GIVING RISE TO CLAIMS

11.     Plaintiff is an employee within the meaning of Title VII, the ADEA, and the FMLA.

12.     Defendant Tech Seal is an employer within the meaning of Title VII, the ADEA, and the FMLA.

13.     Plaintiff, a white male, began working with Tech Seal in July 2003, as a machinist/programmer.

14.     Plaintiff worked at primarily at Tech Seal's Wheatley facility.

15.     Plaintiff turned 40 years-old in 2011.

16.     Over time, Plaintiff's department came to be composed of all Hispanic workers, aside from him.  Thus, Plaintiff was the only white employee in the department.  Plaintiff does not speak Spanish, while all the other workers in his department all spoke Spanish.

17.     In 2019, Plaintiff reported that he was experiencing racial discrimination from his coworkers and his immediate supervisor, Luiz Mendez.  Specifically, Mendez would favor Hispanic employees over Plaintiff by giving them support and better job assignments.  The Hispanic employees would also communicate with each other in Spanish only, so that Plaintiff could not understand.

18. Plaintiff reported these issues to Annie Talbot, a supervisor. Plaintiff also reported the issues to the company owners, John Adamson and Mark Adamson.

19. In late 2019, Plaintiff confronted Mendez about his favoring Hispanic workers over Plaintiff.

20. Later that same day, John Adamson, one of Tech Seal's owners, came to the area of Tech Seal's facility where Plaintiff's work area was located. Notably, John Adamson did not typically work at that location. John Adamson briefly spoke to Plaintiff. Plaintiff then left the area. As Plaintiff left the area, he saw Adamson and Mendez talking.

21. As Plaintiff was returning to his work area a few minutes later, he came upon John Adamson and Menendez talking. Plaintiff heard John Adamson say he "would get rid of him (referring to Plaintiff) as soon as he could." Based on the conversation and John Adamson's and Mendez's reactions, it was obvious they were talking about Plaintiff.

22. In late January 2020 or early February 2020, Plaintiff received a raise and was told by John Adamson that his job was safe. Thus, Plaintiff assumed that whatever issue John Adamson had with Plaintiff had been resolved.

23. On March 6, 2020, Plaintiff went to Human Resources ("HR") and spoke with an HR representative, whose name Plaintiff remembers as Janet or Jeanette, about requesting FMLA leave. Plaintiff's wife has been battling a long-term, serious illness of which Tech Seal and its owners were aware.

24. Unfortunately, Plaintiff's wife was about to undergo another major surgery, so Plaintiff went to HR to request FMLA leave and fill out the paperwork. That was a Friday.

25. HR told Plaintiff that he needed to wait and HR "would get back to him."

26. On Tuesday March 10, 2020, Tech Seal told Plaintiff that he was being terminated due to a "reduction in force." Plaintiff, however, was the only employee in his department to be terminated.

27. At the time, John Adamson told Plaintiff that another employee, Jose Garza, was also part of the "reduction in force." This was not true as Garza quit prior to the "reduction in force."

28. To his knowledge, by 2020, Plaintiff was the oldest employee in his department. Further, to his knowledge, Plaintiff was one of the oldest non-management-level employees in the company.

29. Of the four employees Tech Seal laid off at the Wheatley location in March 2020, including Snyder, three of the four were over the age of 40.

30. In other words, 75% of the employees selected by Tech Seal for its "reduction in force" were over the age of 40.

31. Since his termination, Plaintiff has learned that other employees who were part of the "reduction in force" have been allowed to return to work.

## V.     LEGAL CLAIMS

32. Plaintiff repleads all facts stated above with respect to each legal claim listed below.

A.     UNLAWFUL RETALIATION UNDER TITLE VII

33. Plaintiff is an employee within the meaning of Title VII. *See* 42 U.S.C. § 2000e-(f).

34. Defendant Tech Seal is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *See* 42 U.S.C. § 2000e-(a); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504-05 (2006).

35. Plaintiff engaged in a protected activity under Title VII, namely reporting race discrimination in the workplace to Tech Seal superiors.

36. Tech Seal and all relevant decisionmakers, including John Adamson, were aware of Plaintiff's complaint of race discrimination in the workplace.

37. Following his report of race discrimination, Plaintiff was subjected to an adverse employment action when he was terminated by Tech Seal.

38. There is a but-for connection between Plaintiff's complaint of race discrimination and his subsequent termination.

39. To the extent that Defendant contends that Plaintiff's termination was based on a legitimate non-retaliatory reason, said reason is a mere pretext for retaliation.

B.  UNLAWFUL DISCRIMINATION UNDER THE ADEA

40. Plaintiff is an employee within the meaning of the ADEA. *See* 29 U.S.C. § 630(f).

41. Defendant Tech Seal is an employer within the meaning of the ADEA, is engaged in an industry affecting commerce, and has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *See* 29 U.S.C. § 630(b).

42. Plaintiff is a member of a protected class under the ADEA, namely he is over 40 years-old and was 40 years-old or older at all times relevant.

43. In March 2020, Tech Seal terminated Plaintiff and three other employees at Plaintiff's location. Of the four employees terminated, three of the employees, including Plaintiff, were over the age of 40.

44. Employees under the age 40 working at the same location were not terminated. Some of these employees included Jorge Robles, Victor Roble, and Fermin Vasquez. On information and

belief, other employees under the age of 40 working at the same location as Plaintiff were not terminated.

45. There is a but-for connection between Plaintiff's age and his subsequent termination.

46. To the extent that Defendant contends that Plaintiff's termination was based on a legitimate non-discriminatory reason, said reason is a mere pretext for age discrimination.

47. Alternatively, even if the reason given for Plaintiff's termination—a reduction in force—is true—Plaintiff's age was still a motivating factor in the decision. In other words, Defendant had mixed motives for terminating Plaintiff.

C.  UNLAWFUL INTERFERENCE UNDER THE FMLA

48. Plaintiff is an "eligible employee" within the meaning of the FMLA. *See* 29 U.S.C. § 2611(2).

49. Plaintiff worked for Tech Seal for great than 12 months and greater than 1,250 hours prior to requesting FMLA leave. *See id*.

50. Defendant Tech Seal is an employer within the meaning of the FMLA, is engaged in an industry affecting commerce, and has 50 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. *See* 29 U.S.C. § 2611(4).

51. Defendant Tech Seal employed more than 50 employees within 75 miles of the worksite where it employed Plaintiff.

52. Plaintiff was an eligible employee within the meaning of 29 U.S.C. § 2612(a)(1).

53. Plaintiff's spouse's ongoing battle with illness and upcoming surgery qualified as a "serious health condition" under the FMLA.

54. On or about March 6, 2020, Plaintiff contacted HR about needing to go on FMLA leave and filling out the necessary paperwork.

55. HR told him that he needed to wait and that she "would get back with him."

56. On March 10, 2020, Plaintiff was told that he was being terminated.

57. Plaintiff made the request for FMLA leave on a Friday and was terminated the following Tuesday.

58. Defendant terminated Plaintiff with knowledge that he had requested FMLA leave and needed FMLA leave to care for his spouse's serious medical condition.

D. <u>UNLAWFUL DISCRIMINATION AND RETALIATION UNDER THE FMLA</u>

59. Plaintiff repleads and realleges each and every allegation from the preceding section.

60. Defendant terminated Plaintiff five days and three working days after he requested FMLA leave.

## VI. ATTORNEY'S FEES

61. Plaintiff is entitled to an award of attorney's fees for his Title VII claims under Title VII, 42 U.S.C. § 2000e-5(k).

## VII. JURY DEMAND

62. Plaintiff respectfully demands a trial by jury and has tendered the appropriate fee for same.

## VIII. DAMAGES

63. As a direct and proximate result of Tech Seal's discriminatory conduct, Plaintiff suffered the following injuries and damages:

   a. Back pay;

   b. Front pay;

   c. Liquidated damages;

   d. Compensatory damages;

   e. Punitive damages;

    f.   Pre-judgment and post-judgement interest;

    g.   Court costs;

    h.   Reasonable attorney's fees; and

    i.   All other relief in law and equity, to which he is justly entitled.

### VIII.   EQUITABLE RELIEF

64. Plaintiff seeks any and all equitable relief that he shows himself entitled to receive and that is necessary to correct Defendant's unlawful employment practices.  This includes back pay, front pay, and other equitable damages.

**65.** Plaintiff further seeks equitable relief, in the form of a permanent injunction, to prohibit and prevent Defendant from continuing to engage in unlawful employment practices in violation of Title VII, the ADEA, and the FMLA.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Tech Seal be cited to appear and answer herein, and that upon final trial hereof, Plaintiff be awarded a judgment against Defendant for all damages set-forth above and all other relief, in law and equity, to which he is justly entitled.

Respectfully submitted,

**FRANKLIN LAW FIRM, PLLC**

_____
**Tanner G.M. Franklin**
Texas Bar No. 24082506
tfranklin@tfranklinlawfirm.com
2528 Highway 103
Etoile, Texas 75944
(936) 854-3213 — Telephone
(888) 430-2559 — Fax
**ATTORNEY FOR PLAINTIFF**